# CIRCUIT COURT OF BALTIMORE CITY

Filed December 24, 1892.

THE MUTUAL RESERVE FUND LIFE ASSN.

VS.

JOHN E. HURST.

*John M. Carter*, of Baltimore, and *Ferdinand A. Thompson*, of New York, for the children.

*E. Harvie Smith* for Mr. Hurst et al.

DENNIS, J.—

From the seventh section of this policy it is clear that an assignment for the benefit of a creditor was contemplated. To give effect to such a provision, it is necessary that the words "payable to his legal representatives" be construed as broad enough to embrace an assignee, and that such assignment, when duly made in accordance with the terms of the policy shall be superior to the rights of all those who otherwise might be determined to be the "legal representatives" of the deceased. If this construction be sound, the only question is whether the creditor, to whom the policy was assigned, had such a debt as would be recognized in law as furnishing a proper consideration for the assignment. It was an individual debt. Even if the composition of the firm with its creditors had been carried out, the agreement for this security was an individual contract between the assured and Hurst, the benefit of which in no way enured to the firm of Hurst, Purnell & Co.

But the proof is, that the composition agreement fell through, so that the acceptance by a creditor of its terms would not bar him from pressing his claim for the balance of his debt in any manner he might deem proper.

In this case, Hurst first refused the security offered; subsequently he accepted it; and I can see nothing in the testimony to bring the case within the operation of the rule which prevents one creditor who has assented to a general composition agreement from obtaining an advantage over other creditors by a secret agreement for his own advantage and to their injury.